**BANTELL v CLARK**

Ohio Appeals, 1st Dist, Hamilton Co

No 4344.  Decided July 3, 1933

Marie M. Bantell and I. L. Huddle, Cincinnati, for plaintiff in error.

M. Froome Barbour, Cincinnati, for defendant in error, Emma Clark.

## OPINION

By ROSS, J.

Had the court enjoined execution by Bantell upon his judgment, the solution of the difficulty would be clear, but Bantell voluntarily agreed not to levy execution.

Sec 11637, GC, provides as follows:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action. When a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

And §11638, GC, provides: that a party may have proceedings upon the judgment suspended when it appears to the court that he is entitled to vacation and modification of the judgment. It was this latter section, of which Clark was about to take

advantage, when Bantell voluntarily agreed not to levy an execution pending a decision of the vacation proceedings.

Sec 11708, GC, provides as follows:
"No judgment upon which execution is not issued and levied before the expiration of one year next after its rendition, shall operate as a lien on the estate of a debtor to the prejudice of any other bona fide judgment creditor."

Bantell failed, as will be noted from the recital of the facts, supra, for much longer than one year after its rendition, to levy any execution upon his judgment, which was rendered March 21, 1927, and not suspended until June 18, 1929. In the meantime Emma Clark had become a "bona fide judgment creditor," and, under the provisions of §11708, GC, supra, the judgment of Bantell cannot operate as a lien upon the property in question, formerly owned by Clark, to the prejudice of Emma Clark or her grantees.

No point is made of the fact that Emma Clark was awarded only an undivided one-half interest in the premises in question, or that she sold them. While it is not clear, we presume that she originally owned the other undivided one-half interest in the property, and, therefore, by the alimony decree acquired the entire interest in the property.

It is urged that because the suspension of the default judgment did not affect the lien of Bantell he is entitled now to the relief sought in this proceeding. The very fact is his undoing, for in the absence of a court order, enjoining him from proceeding, the statute requiring execution within the year was applicable, and his failure to proceed caused him to lose his lien, that of Emma Clark having intervened.

The judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.